UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
CASE NO. 3:13-CV-00056-GFVT
*Electronically Filed*

MARY LONG                PLAINTIFF

v.

WAL-MART STORES EAST, LP        DEFENDANT

### MOTION TO STRIKE PLAINTIFF'S EXPERT LINDA JONES

Defendant, Walmart Stores East, LP, ("Walmart"), by counsel, and for its Motion to Strike Plaintiff's Expert Linda Jones states as follows:

Walmart respectfully requests the Court enter an Order, pursuant to Federal Rules of Evidence 702 and 401, excluding Plaintiff's vocational expert, Linda Jones, from offering testimony and opinions at the trial of this matter.

### FACTS

This case arises out of an incident that occurred on June 7, 2012 at Walmart located in Shelbyville, Kentucky. According to Plaintiff, she went to the checkout lane to purchase a cake. As she approached the checkout lane her right foot slid on a piece of banana. *See,* Plaintiff's Responses to Walmart's First Set of Interrogatories and Document Requests, attached as Exhibit A. Plaintiff claims that she sustained injuries as a result of her incident.

Plaintiff retained Linda Jones of Vocational Economics, Inc. to provide opinions concerning her loss of earning capacity. Plaintiff has provided an expert disclosure for Linda Jones and has provided a report of her opinions. In her Expert Witness Disclosure, Plaintiff stated that Linda Jones will "testify in regard to her evaluation of the Plaintiff and the facts surrounding the Plaintiff's loss of earning capacity." *See,* Plaintiff's Expert Witness Disclosure,

DN 69.   In her report, Linda Jones states that she evaluated "Mary Long's loss of capacity to perform work and earn money as a result of injury sustained on June 7, 2012." *See,* Linda Jones' Report at p. 4, attached as Exhibit B. Ms. Jones assessed that the "loss of earning capacity sustained by Mary Long is in a range of $407,697 to $450,701 stated in terms of present value." *Id.* at p. 1.

In her Complaint, Plaintiff alleged that she "was injured in, on and about her body, both temporarily and permanently, incurred medical expenses and will so in the future, was caused to suffer great pain, both mental and physical, past and future to her detriment." *See,* Exhibit C, Complaint at ¶ 8. Plaintiff has not asserted a claim for loss of earning capacity. Because Plaintiff has failed to assert a claim for damages for the loss of earning capacity, Ms. Jones' loss of earning projections and opinions are not relevant to any issue in the case and are not permitted under FRE 702 and 401.

## ARGUMENT

Walmart requests that the Court enter an Order excluding Linda Jones from offering testimony and opinions at the trial of this matter because her testimony does not pertain to any fact in issue and it will not help a jury understand the evidence.[1] FRE 702 states in pertinent part that:

> A witness who is qualified as an expert by knowledge, skill, experience or training, or education may testify in the form of an opinion or otherwise if:
>
> > (a)The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…

---

[1] By filing this Motion Walmart is not waiving its right to challenge Linda Jones' testimony and opinions on other grounds established by FRE 702 and 703.

Additionally, only relevant evidence is admissible.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."  FRE 401.

In this case, Plaintiff has failed to assert a claim for loss of earning capacity.  *See,* Exhibit C. Ms. Jones intends to offer testimony regarding Plaintiff's loss of earning capacity.  *See,* Plaintiff's Expert Witness Disclosure, DN 69, and Linda Jones' Expert Report, attached as Exhibit B. Because Plaintiff has not made a claim for loss of earning capacity, Ms. Jones' testimony is not relevant to any fact at issue and it will not help the jury understand the evidence. As such, Linda Jones should be excluded as a witness and prohibited from testifying.

Respectfully submitted,

/s/  Anne E. Trout
Jennifer K. Adams
Anne E. Trout
Blackburn Domene & Burchett, PLLC
614 West Main Street, Suite 3000
Louisville, KY  40222
502-584-1600
502-584-9971 fax
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew H. Chandler
Gregg Neal
Neal & Davis, PLLC
931 Main Street
P.O. Box 40
Shelbyville, KY  40065
*Counsel for Plaintiff*

                                                    */s/ Anne E. Trout*
                                                    *Counsel for Defendant*